IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CIT SMALL BUSINESS LENDING CORP., | ) ) ) | Case No. 4:10CV00021 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION** |
| PIERRE KAMGUIA, M.D., | ) ) ) | By: Jackson L. Kiser Senior United States District Judge |
| Defendant. | ) | |

Before me is Plaintiff CIT Small Business Lending Corp's Motion for Summary Judgment. Mot. for Summ. J., Oct. 20, 2010, ECF No. 23. A Roseboro notice was mailed to the pro se Defendant, Pierre Kamguia, on October 22nd, 2010. Roseboro Notice, Oct. 22, 2010, ECF No. 25. The Defendant timely responded to the Plaintiff's motion, filing a reply on November 10th, 2010. Def.'s Resp. to the Mot. for Summ. J., Nov. 10, 2010, ECF No. 26. The Plaintiff, in turn, filed a reply to the Defendant's response on November 16th, 2010. Pl.'s Reply to Def.'s Resp., Nov. 16, 2010, ECF No. 28. The parties have agreed that a hearing is not required on this motion and therefore the Court has rendered its decision on the briefs. For the reasons set out below, the Plaintiff's Motion for Summary Judgment is **PARTIALLY GRANTED**.

**FACTUAL BACKGROUND**

The facts of this case are straightforward. On May 21st, 2010, the Plaintiff filed a Complaint against the Defendant, alleging that the Defendant defaulted on a promissory note by failing to pay on the date the note became due. Compl. 2, May 21, 2010, ECF No. 1. The Defendant executed the note on June 28th, 2005 in favor of the Plaintiff. Id. The principal on the note was $396,000.00. Id. The Plaintiff now contends that,

1

factoring in principal, interest, late fees, and expenses, the Defendant owes $400,043.94 as of November 1st, 2010.  Br. in Supp. of the Mot. for Summ. J. 5, Oct. 20, 2010, ECF No. 24.  The Plaintiff further avers that the Defendant owes it $51.67 per day in interest, along with additional attorneys' fees.  Id.  The amount of attorneys' fees will "be provided by counsel."  Id.

In his reply to the Plaintiff's motion, the Defendant admits that "[a] summary judgment may be appropriate because I do not deny and have never denied a debt to CIT."  Def.'s Resp. to the Mot. for Summ. J.  The Defendant contests the Plaintiff's motion on two grounds.  First, the Defendant claims that he owes no more than $243,000, which is the difference between the amount borrowed and the payments the Defendant has already made.  Id.  Second, the Defendant asserts that the Plaintiff "must make a reasonable effort to recover from the guarantor before being granted a judgment, and has so far failed to do so."  Id.  On November 16th, the Plaintiff responded to the Defendant's reply, attaching a copy of the promissory note and an affidavit from an asset recovery specialist in the employ of the Plaintiff-lender.  Pl.'s Reply to Def.'s Resp.; Pl.'s Reply to Def.'s Resp. Ex. A, Nov. 16, 2010, ECF No. 28-1 (affidavit); Pl.'s Reply to Def.'s Resp. Ex. B, Nov. 16, 2010, ECF No. 28-2 (note).  In the affidavit, the asset recovery specialist attests to execution of the note and the amounts due thereupon as of November 1st, 2010.  Pl.'s Reply to Def.'s Resp. Ex. A.

## **APPLICABLE LAW**

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009).  On a

Motion for Summary Judgment, the facts are taken in the light most favorable to the non-moving party.  George & Co. LLC, 575 F.3d at 392.  The movant has the initial burden of pointing out to the Court where the deficiency lies in the non-movants's case that would make it impossible for a reasonable fact-finder to bring in a verdict in the non-movants's favor.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has made this showing, the burden then shifts to the non-moving party to demonstrate to the Court that there are genuine issues of material fact.  Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008).

## **ANALYSIS**

There is no dispute between the parties that the monies lent to the Defendant through the June 28th, 2005 promissory note are due and owing to the Plaintiff.  The only two issues are whether the Plaintiff was first obligated to attempt to collect from the guarantor of the loan and the precise amount of money owed.  The Defendant contends that the Plaintiff was obligated to "make a reasonable effort to recover from the guarantor before being granted a judgment."  Def.'s Resp. to the Mot. for Summ. J.  Nowhere in the note does this term appear.  Pl.'s Reply to Def.'s Resp. Ex. B.  Consistent with the joint and several liability contemplated by the note, the instrument provides that the "Lender may…[c]ollect all amounts owing from any Borrower or Guarantor."  Id. at 3-4 (paragraph 5(B) for the lender's options, paragraph 9(A) for joint and several liability).  Under Article Three of the Uniform Commercial Code, the Defendant in this case, as the maker of the note, is the primary obligor.  U.C.C. § 3-103(a)(11).  The guarantor is a secondary obligor.  U.C.C. § 3-103(a)(17).  A guaranty is a contract independent of the original promissory note.  McDonald v. National Enterprises, Inc., 547 S.E.2d 204, 207

3

(Va. 2001). The function of the guaranty is to make the guarantor "answerable for the debt…in case of the failure of some other person who is primarily liable to pay." Id. Where there has been a guaranty of payment, which is an absolute guaranty, the guarantee "may at his election proceed against either the guarantor or the principal obligor." U.S. v. Houff, 202 F.Supp. 471, 476 (W.D.Va. 1962) (internal citing references and quotation marks omitted). The guarantee in this case is the Plaintiff. In other words, the fact that there is a guarantor on the note does not relieve the Defendant-maker, who is the primary obligor, from his obligation to pay the note when it becomes due. Although the issue of whether the guarantor is liable on the debt may be litigated another day in a suit against the guarantor, the matter currently before the Court is whether the Defendant is liable to the Plaintiff on the underlying note. McDonald, 547 S.E.2d at 207 (there is a cause of action to enforce a contract of guaranty). Since the Plaintiff may choose whether to sue the principal obligor or the guarantor first and the Defendant has admitted that he is liable on the note, the Plaintiff is entitled to judgment as a matter of law on the liability issue.

The parties also dispute the amount the Defendant owes. The Defendant claims he owes no more than the difference in the amount borrowed and the payments made, $243,000 by his calculation. Def.'s Resp. to the Mot. for Summ. J. The Defendant does not point out any provision in the note or any other principal that supports his argument. The Plaintiff counters that the Defendant owes principal, interest, late fees, expenses, and attorney's fees, the total of which it puts at $400,043.94. Pl.'s Reply to Def.'s Resp. Ex. A. In support of its argument, the Plaintiff attached a copy of the promissory note to its latest reply. Pl.'s Reply to Def.'s Resp. Ex. B. Notably, neither party has provided a

calculation of payments made by the Defendant to date, which is crucial for the Court to determine the precise dollar amount owed on the principal. Because the Plaintiff contends that the principal owed is $342,890.35 whereas the Defendant claims the principal he owes is $243,000 and neither party explains the method used to arrive at those principal figures, a genuine issue of material fact still exists as to the dollar amount owed. The Court can therefore only enter a partial summary judgment at this time. Fed. R. Civ. P. 56(d).

The Court can, however, grant summary judgment as to the manner in which the amount owed is to be calculated. The note makes clear that, upon default, the Plaintiff "may…[r]equire immediate payment of all amounts owning under this Note" and "[i]ncur expenses to collect amounts due under this Note," which "include…reasonable attorney's fees and costs." Pl.'s Reply to Def.'s Resp. Ex. B 3 (paragraphs 5(A) and 6(B)). The instrument further provides for late charges "[i]f a payment on this Note is more than 10 days late." Id. at 2. The Plaintiff, therefore, has provided the proper manner of calculating of the amount the Defendant owes. Pl.'s Reply to Def.'s Resp. Ex. A (the sum of principal, interest, late fees, expenses, and attorney's fees). The interest owed includes the per diem interest. Because the Plaintiff has shown that a reasonable finder of fact could not find in favor of the Defendant as to the manner in which the amount owed is to be calculated, summary judgment for the Plaintiff on this issue is proper. Management Ass'n for Private Photogrammetric Surveyors v. U.S., 492 F.Supp.2d 540, 547 (E.D.Va. 2007) (party opposing summary judgment must show that a reasonable factfinder could find in his favor on a matter at issue).

## **CONCLUSION**

The Plaintiff has no obligation to attempt to recover from the guarantor before seeking payment from the Defendant, and the Defendant does not otherwise contest liability on the note. Furthermore, the Plaintiff has demonstrated that no reasonable factfinder could find in favor of the Defendant on the way in which the amount owed should be calculated. The Plaintiff's Motion for Summary Judgment is therefore **PARTIALLY GRANTED**. The motion is **GRANTED** as to liability on the note and the manner of calculating the amount owed on the note. The method of calculation is the sum of the principal, interest, late fees, expenses, and attorney's fees. The motion is **DENIED** as to the precise amount owed on the note because a genuine issue of material fact still exists on the amount of principal outstanding.

ENTERED this 18th day of November, 2010.

s/Jackson L. Kiser
Senior United States District Judge