IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CIT SMALL BUSINESS LENDING CORP., | ) ) ) | Case No. 4:10CV00021 |
| Plaintiff | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION** |
| PIERRE KAMGUIA, M.D., | ) ) | By: Jackson L. Kiser Senior United States District Judge |
| Defendant | ) | |

Before me is Plaintiff CIT Small Business Lending Corp.'s Second Motion for Summary Judgment. Second Mot. for Summ. J., Dec. 16, 2010, ECF No.36. A Roseboro notice was mailed to the pro se Defendant, Pierre Kamguia, on December 17th, 2010. Second Roseboro Notice, Dec. 17, 2010, ECF No. 37. The Defendant's deadline to respond was January 7th, 2011 and to date he has not done so. Id. For the reasons explained herein, the Plaintiff's Second Motion for Summary Judgment is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF IN THE AMOUNT OF $400,043.94** plus per diem interest of $51.67 beginning on November 1st, 2010. The Court also **AWARDS THE PLAINTIFF ATTORNEY'S FEES IN THE AMOUNT OF $22,100.26**.

## FACTUAL BACKGROUND

On May 21st, 2010, the Plaintiff filed a Complaint against the Defendant, alleging that the Defendant defaulted on a promissory note executed in favor of the Plaintiff. Compl. 2, May 21, 2010, ECF No. 1. In an Order issued on November 18th, 2010, this Court granted partial summary judgment to the Plaintiff on the issues of liability and the manner of calculating the amount the Defendant owes on the note. Order Granting Partial Summ. J., Nov. 18, 2010, ECF No. 30. Specifically, the amount the Defendant owes to the Plaintiff includes principal, interest,

1

late fees, expenses, and attorney's fees.  Id.  The only remaining issue is the amount the Defendant owes on the note, which is the basis for this second summary judgment motion.

The pro se Defendant contends that the balance due on the note is $243,000, which is the difference in the amount he borrowed, $396,000, and the amount he believes he has paid to date, $153,000.  Def.'s Resp. to Pl.'s Mot. for Summ. J. 1, Nov. 10, 2010, ECF No. 26.  In an affidavit, the Plaintiff's asset recovery specialist avers that the Defendant has actually paid the Plaintiff $159,145.79 so far.  Br. in Supp. of Second Mot. for Summ. J. 6, Dec. 16, 2010, ECF No. 36.  According to the Plaintiff, as of November 1st, 2010 the Defendant owes $400,043.94 on the note plus $51.67 in per diem interest, along with attorney's fees.  Id. at 3.  The Plaintiff explains that the disagreement over the amount owed stems from the Defendant's failure to calculate his balance based on his loan amortization schedule, which divides payments into an interest component and a principle component.  Id. at 6.  The interest component of an amortized loan predominates in the early years, which is why the Defendant's payments were applied primarily to interest.  Id.  Of the $159,145.79 the Defendant has paid, $104,383.41 was applied to interest while the remaining $53,109.65 went towards principal.  Id.  The note itself provides that the "Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal."  Pl.'s Reply to Resp. to First Mot. for Summ. J. Ex. B. 2, Nov. 16, 2010, ECF No. 28-2 (note).

The Payment History Report submitted by the Plaintiff shows that the Defendant's payment towards the loan got smaller every year, until 2008 when one hundred percent of the Defendant's payment was being applied to the interest component of the loan. Letter for Filing Payment History Report Ex. A, Dec. 21, 2010, ECF No. 38-1.  By 2009, the Defendant's

payments had slowed to a trickle—just $5,832.71 for the entire year.  Id.  Since interest continues to accrue regardless of whether the Defendant is making any payments, not only has the Defendant's principal balance remained $342,890.35 since 2008, but the amount of interest he owes has been increasing ever since his payments dropped off.  Id.

## APPLICABLE LAW

"A subsequent motion for summary judgment based on an expanded record is always permissible."  Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 251 (D.C. Cir. 1987).  Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 392 (4th Cir. 2009).  On a Motion for Summary Judgment, the facts are taken in the light most favorable to the non-moving party.  George & Co. LLC, 575 F.3d at 392.  The movant has the initial burden of pointing out to the Court where the deficiency lies in the non-movants's case that would make it impossible for a reasonable fact-finder to bring in a verdict in the non-movants's favor.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has made this showing, the burden then shifts to the non-moving party to demonstrate to the Court that there are genuine issues of material fact.  Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008).  When the non-movant fails to respond to the motion, the Court should enter summary judgment for the movant where judgment as a matter of law is warranted.  Fed. R. Civ. P. 56(e)(2); Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

## ANALYSIS

Through an affidavit and a payment history report accompanying its Second Motion for Summary Judgment, the Plaintiff has substantiated that as of November 1st, 2010 the Defendant owes $400,043.94 on the note plus $51.67 in per diem interest and additional attorney's fees. Pl.'s Reply to Resp. to First Mot. for Summ. J. Ex. A (affidavit in the first summary judgment motion alleging the amount owed); Br. in Supp. of Second Mot. for Summ. J. 6 (affidavit in the second summary judgment motion explaining the amount owed); Letter for Filing Payment History Report Ex. A (payment history report). The second summary judgment motion and its accompanying documents also expose the fact that by asserting he owes no more than $243,000, the Defendant completely ignores the interest component of his loan. Compare Def.'s Resp. to Pl.'s Mot. for Summ. J. 1 with Br. in Supp. of Second Mot. for Summ. J. 6 and Letter for Filing Payment History Report Ex. A. Despite being sent a Roseboro notice on December 17th, 2010, the Defendant has not responded to the Plaintiff's Second Motion for Summary Judgment. Second Roseboro Notice. The Defendant's response deadline was January 7th, 2011. Id. The Pre-Trial Scheduling Order entered in this case explicitly provides that "**EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN**." Pretrial Order 2, June 18, 2010, ECF No. 8 (emphasis in the original). Fed. R. Civ. P. 56(e)(2) further provides that "[w]hen a motion for summary judgment is properly made and supported…[i]f the opposing party does not…respond, summary judgment should, if appropriate, be entered against that party."

This Court's November 18th, 2010 Order Granting Partial Summary Judgment for the Plaintiff established the Defendant's liability on the loan and noted that damages were to be

calculated as "the sum of the principal, interest, late fees, expenses, and attorney's fees." Order Granting Partial Summ. J. The only issue that remained after the November 18th Order was the amount of outstanding principal. Id. The Plaintiff has provided that amount, $342,890.35, and thoroughly explained its relationship to the note's interest component. The Defendant's failure to respond renders these facts uncontroverted. Custer, 12 F.3d at 416. Summary judgment for the Plaintiff as to damages is therefore appropriate.

As contemplated by the note and confirmed by this Court in its November 18th Order Granting Partial Summary Judgment, the Plaintiff is entitled to reasonable attorney's fees in this case. Order Granting Partial Summ. J.; Pl.'s Reply to Resp. to First Mot. for Summ. J. Ex. B. 3. In an affidavit, the Plaintiff advises that it has incurred $21,020.26 in fees and costs to date. Aff. of Joel Aronson 3, Jan. 19, 2011, ECF No. 39. Those costs include court costs, deposition transcripts, and private service of process. Id. The fees were calculated at rates between $220 and $360 per hour, depending on whether the work was done by Roanoke-based local counsel or the Plaintiff's principal counsel for the Mid-Atlantic region, based in Bethesda, Maryland. Id. at 2-3. In his affidavit, regional counsel notes that he engaged local counsel in an effort to be cost effective. Id. at 3. Regional counsel further avers that "[w]e were careful not to duplicate services." Id. In addition to the $21,020.26, the Plaintiff anticipates another $1,080,00 in costs through judgment, bringing the total attorney's fees requested to $22,100.26. Id. The Plaintiff appears to have taken special care to keep costs under control in this case, leading the Court to conclude that the attorney's fees requested are reasonable.

## CONCLUSION

For the reasons outlined above, the Plaintiff's Second Motion for Summary Judgment is **GRANTED**. The Court also **ENTERS JUDGMENT IN FAVOR OF THE PLAINTIFF IN THE AMOUNT OF $400,043.94** plus per diem interest of $51.67 beginning on November 1st, 2010. The Court additionally **AWARDS THE PLAINTIFF ATTORNEY'S FEES IN THE AMOUNT OF $22,100.26**.

ENTERED this 20th day of January, 2011.

s/Jackson L. Kiser  
Senior United States District Judge